MARY F. WATSON, ET AL., Appellees, v. IDA HOGAN, Appellant.

**Boundaries:** ACQUIESENCE: EVIDENCE. Acquiesence by adjoining owners and their grantors for a period of twenty-five years in a defined boundary line, although at variance with the government survey is binding upon the parties thereto. Evidence held to show acquiesence.

*Appeal from Johnson District Court.*— HON. O. A. BYINGTON, Judge.

THURSDAY, APRIL 5, 1906.

SPECIAL proceedings under the statute (chapter 5, title 21, of the Code) to establish lost corners and the boundary line between certain tracts of real estate described. From a decree entered in favor of plaintiffs, the defendant appeals. — *Reversed.*

*Milton Remley,* for appellant.

*S. H. Fairall,* for appellees.

BISHOP, J.— Plaintiffs and defendant are the owners respectively of adjoining 40 acre tracts of land in Johnson

county, plaintiffs owning the north forty and defendant the south forty, and it is the corners to and the boundary line between these tracts that plaintiffs seek to have established in this action. The defendant answered setting up that for more than twenty years the line between the tracts had been marked by a hedge and fence and recognized and acquiesced in as the true boundary line. And she insists that no interference should now be had therewith. Passing the errors, contended for by appellant, having relation to the manner and form of proceeding, we may dispose of the case by saying that on the undisputed facts there should have been judgment for defendant. In brief, these are the facts. In the year 1862, John Dilatush, father of plaintiffs, bought the north forty, and one Grant the south forty. They jointly built a fence between the two tracts, and with the mutual understanding that Grant should keep up the east part and Dilatush the west part. Grant sold to McVey in the year 1869. Shortly thereafter Dilatush set out a hedge, a few feet south of such fence and commencing near the west quarter corner, thence extending east fifty or sixty rods. This seems to have been done by Dilatush on his own motion; there is no evidence of any agreement in relation thereto. However, Dilatush and McVey acting together at once took up the old fence and reset it about six feet south of the hedge, and this was done as testified to by Dilatush to protect the young hedge from cattle. In the course of a few years the fence was taken down and the hedge was connected up at the east end thereof with a wire extending to the west forty line. Thereafter, and without dispute or question, the hedge and fence served to separate the properties; the respective owners cultivated up to the line as thus marked, and McVey and his grantees, including this defendant, kept up the fence at the east end, in addition to trimming the east part of the hedge, while Dilatush and his grantees, the plaintiffs, trimmed the west part of the hedge and maintained the connection between the same and the north and south line

fence on the west. This continued until a short time be-
fore the commencement of this action, and, it is to be ob-
served, covered a period of about twenty-five years. Plain-
tiffs offered the evidence of a surveyor to the effect that the
true line was about six feet south' of the hedge, and, in addi-
tion to this, sought to show no more than that Dilatush in
planting the hedge had purposely avoided setting it on the
line.

We may concede, for the purposes of the case, that the
true or government line is where claimed by plaintiffs. The
evidence of Dilatush as to his secret purpose in setting the
hedge was objected to as incompetent and immaterial, and
without doubt such objection was good. McVey and his
grantees believed the hedge to be the true boundary line,
and if Dilatush knew that it was not (a proposition made
extremely doubtful by the evidence), it is not, in any event,
for him, or plaintiffs claiming under him, to raise the ques-
tion after the lapse of so many years of silence and acquies-
cence. The defense interposed by defendant is expressly
authorized by the statute, and accordingly we conclude that
the case is ruled by *Miller v. Mills County,* 111 Iowa, 654,
and the other like cases decided in this court. The cases are
well known to the profession, and we need not make further
citation. The decree entered by the trial court fixed and
established the boundary line in accordance with a survey
made at the sole instance of plaintiffs, such line conforming
to the contention of plaintiffs, in pleading, and varying from
the line of acquiescence about six feet to the south.

It follows, from what we have said, that this was error,
and the decree is reversed, and the cause remanded, for a
decree in harmony with this opinion.— *Reversed.*